IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GREG ANTHONY PLATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV998 |
| | ) | |
| BILLY WARREN, GABRIEL HINSON, MIKE SMITH, MARK WALL, and CAMERON WHITT, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

**SHARP, Magistrate Judge**

Plaintiff Greg Anthony Platt, a prisoner of the State of North Carolina, filed this action pursuant to 42 U.S.C. § 1983 on November 16, 2005. Plaintiff Platt, in a *pro se* complaint, complained of alleged conditions and incidents at the Forsyth County Detention Center. As Defendants, Plaintiff named Sergeant Warren, and Correctional Officers Hinson, Smith, Wall, and Whitt. The Defendants have answered the complaint and filed a motion to dismiss. (Pleading No. 25.) Plaintiff has filed a response and motion for summary judgment. (Pleading No. 30.) The dispositive motions are now ready for a ruling.

In his complaint, Plaintiff Platt alleges that on July 16, 2005, he was having chest pains while incarcerated in the Forsyth County Detention Center. He pressed an emergency button, but he alleges that the Defendants ignored him for a period of time. Finally, 45

minutes later, a correctional officer summoned the jail nurse. Plaintiff had a temperature of 99 degrees, and blood pressure of 167/117. Plaintiff wrote a grievance concerning the matter on July 17, and was told by Sergeant Warren that such a delay would not happen again. Plaintiff also includes allegations concerning jail conditions, including inadequate showers, 23 hours of lock-down time, inadequate laundry services, and racism.

Defendants have moved to dismiss the complaint for lack of exhaustion of administrative remedies pursuant to 42 U.S.C. 1997e(a). That section provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Plaintiff's complaint cites his grievance of July 17, 2005, and the record now contains the jail grievance records concerning the grievance. The records show that Plaintiff Platt did file a July 17 grievance regarding the July 16, 2005 delay by prison officials in the provision of assistance regarding Plaintiff's complaints of chest pain. The records also show, however, that approximately one week later, inmate Platt agreed to accept the resolution of this grievance as shown by his signature on July 25 on the grievance form. *See* Pleading No. 27, Aff. of Wayne C. James, Ex. C. As a result, Plaintiff Platt did not complete the remaining steps available to him under the Detention Center's grievance policy. Further, Plaintiff has not shown that he filed *any* grievance with regard to the general conditions of his confinement that are described in his complaint.

-2-

Exhaustion of administrative remedies is a mandatory requirement for the filing of a section 1983 complaint by a prisoner. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The record in this matter establishes conclusively that Plaintiff Platt failed to exhaust the remedies concerning the matters raised in his complaint. In response, Plaintiff alleges that he did not pursue his grievance opportunities at Forsyth County Detention Center due to intimidation and fear of reprisal. Nonetheless, section 1997e(a) does not contain exceptions such as those argued for here by Plaintiff, and the Supreme Court has specifically held that alleged "futility" cannot serve as an exception to its strict exhaustion requirement. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Moreover, Plaintiff's allegation of intimidation is inconsistent with his actions in this very case, wherein he in fact pursued a formal grievance concerning the July 16, 2005 incident.

Accordingly, for reasons set forth above, **IT IS ORDERED** that Defendants' motion to dismiss (Pleading No. 25) is **GRANTED** and Plaintiff's motion for summary judgment (Pleading No. 30) is **DENIED**. A separate judgment will be entered contemporaneously with this Memorandum Opinion and Order.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: February 5, 2007

-3-

Case 1:05-cv-00998-PTS   Document 40   Filed 02/05/07   Page 3 of 3